## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO.:

**TOMMY LEGRIER,**
**Plaintiff,**

**v.**

**OFFICER JOHN STOLLMEYER ,**
**in his individual capacity (badge no. 30731)**
**Defendant.**
_____/

### COMPLAINT

### INTRODUCTION

**COMES NOW**, the Plaintiff, TOMMY LEGRIER (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues Defendant, OFFICER JOHN STOLLMEYER, in his individual capacity (hereinafter referred to as "Defendant") and herein requests judgment of this court declaring unconstitutional and unlawful  certain actions of the defendant, which resulted in Plaintiff being deprived of his constitutional rights guaranteed  by the Fourth, and Fourteenth Amendments to the United States Constitution as well as other civil rights guaranteed to him, and seeks damages

from the Defendant as compensation for the deprivation of his constitutional rights for an award of attorney's fees as authorized by law, all reasonable costs of this action, and for any other and further relief that this Court deems just and proper.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly set in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. This Court has concurrent jurisdiction for the pendant state law claims that arise out of Orange County, Florida.

## PARTIES

4. Plaintiff is presently a resident of Orange County, Florida and at all material times herein was a resident of Orange County, Florida.

5. Defendant is a police officer who is employed by City of Orlando Police Department; is over the age of 18 and on information and belief is a resident in or conducts business in Orange County, Florida and is being sued in his individual capacity.

## GENERAL ALLEGATIONS

6. The events giving rise to this complaint occurred or originated in Orange County, Florida.

7. This is an action for money damages for the injuries suffered by Plaintiff, TOMMY LEGRIER as a result of negligent conduct, in violation of Plaintiff's civil, constitutional rights.

8. Throughout the investigation and prosecution of Plaintiff, TOMMY LEGRIER. Defendant, showed deliberate indifference towards Plaintiff's civil and constitutional rights by alleging that the Plaintiff committed the crime of Possession of Firearm by a Convicted Felon in violation of Florida Statute § 790.23-9; Possession of Ammunition by a Convicted Felon in Violation of Florida Statute § 790.23-11; and Possession of a Weapon by a Convicted Felon in Violation of Florida Statute § 790.23-4.

9. This is an action brought pursuant to 42 U.S.C. §1983, which provides:

   Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory ....subjects or causes to be subjected  any citizen of the United  States or others person  within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

10. All conditions precedent prior to the filing of this action have occurred, accrued, or have been waived as a matter of law.

11. On August 9, 2019, Plaintiff, TOMMY LEGRIER was unlawfully arrested and charged with Possession of Firearm by a Convicted Felon in violation of Florida Statute § 790.23-9; Possession of Ammunition by a Convicted Felon in Violation of Florida Statute § 790.23-11; and Possession of a Weapon by a Convicted Felon in Violation of Florida Statute § 790.23-4.

12. On August 9, 2019 after the Defendant and the SWAT team executed a warrant on the Plaintiffs home for a matter unrelated to the Plaintiff. The Defendant ordered the Plaintiff to come home and upon his arrival the Plaintiff was immediately placed in handcuffs and made to wait while surrounded by officers. At this point the Plaintiff was placed under arrest and without reading the Plaintiff his Miranda Rights the Defendant questioned the Plaintiff.

13. The Defendant alleged that the interaction between the Plaintiff and the Defendant was captured on his body camera. However, during the criminal prosecution of the Plaintiff, the Defendant never produced the body camera footage.

14. The Plaintiff was charged by information with one Count of Possession of Ammunition by a Convicted Felon, a Second Degree felony punishable by up to fifteen years in prison pursuant to Florida Statute § 790.23-11.

15. Defendant provided deposition testimony during the criminal prosecution of the Plaintiff alleging that he had body camera footage of the arrest of Plaintiff and showing that he questioned the Plaintiff after he read the Plaintiff Miranda and stated he would provide the footage to the State but never provided the footage which prolonged the prosecution of the Plaintiff.

16. The Plaintiff's Defense attorney that represented him in the criminal matter had to file a Motion to Suppress and Motion to Dismiss before the case was disposed.

17. On January 31, 2020, the State Attorney filed a No Information Notice, therefore disposing of the case.

18. The Plaintiff had to hire an attorney to represent him on the criminal charges.

19. The Plaintiff had to pay money to bond himself out of jail of being falsely arrested.

## FEDERAL CLAIMS

## COUNT I
## 42 U.S.C. § 1983
## FALSE ARREST AND UNREASONABLE SEIZURE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

20. This is an action for violation of civil rights under 42 U.S.C. § 1983 against Defendant, OFFICER JOHN STOLLMEYER.

21. Plaintiff realleges the allegations contained in paragraphs 1-19 above, as if fully set forth herein.

22. Plaintiff has the right under the United States Constitution to be secure from unlawful restraint of his person, which may be restricted only upon due process of law under the Fourth Amendment to the United States Constitution.

23. On or about August 9, 2019, Defendant, OFFICER JOHN STOLLMEYER, in his individual capacity while working as a City of Orlando Police Officer deprived Plaintiff of his rights under the United States Constitution, in violation of 42 U.S.C. § 1983, in that, OFFICER JOHN STOLLMEYER illegally arrested Plaintiff without a warrant or probable cause and caused Plaintiff to be deprived of his liberty and thereby causing Plaintiff pain and suffering. Defendant, OFFICER JOHN STOLLMEYER had no legal right to detain Plaintiff.

24. The primary, obvious, and sole purpose of the illegal and wrongful

detention and unlawful restraint of Plaintiff was to deprive and infringe upon Plaintiff's constitutional rights. As a result, Plaintiff was deprived of his rights under the Fourth Amendment to the United States Constitution. Violation of this right entitles Plaintiff to an award of damages for loss of that right and the damages that resulted therefrom.

25. Defendant, OFFICER JOHN STOLLMEYER took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiff. The acts of Defendant, OFFICER JOHN STOLLMEYER violated the clearly established Fourth Amendment constitutional rights of Plaintiff.

26. Defendant, OFFICER JOHN STOLLMEYER knew that his actions would deprive Plaintiff of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

27. As a direct result of Defendant, OFFICER JOHN STOLLMEYER's actions, Plaintiff has suffered damages, including but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, emotional damage, mental suffering, damage suffered to his reputation, and all others damages associated with Plaintiff's arrest,

which exist to this day and which emotional suffering and damage is likely to continue into the future.

28. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C §1983 and is entitled to recover from Defendant, OFFICER JOHN STOLLMEYER a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant, OFFICER JOHN STOLLMEYER, in his individual capacity, and to award Plaintiff his attorney's fees and costs pursuant to 42 U.S.C. §1988 and others applicable laws. Further, Plaintiff requests punitive damages against Defendant, OFFICER JOHN STOLLMEYER, individually, for his conduct, which would deter him and others from such conduct in the future.

## COUNT II
### 42 U.S.C. §1983
### §1983 MALICIOUS PROSECUTION

29. Plaintiff re-alleges paragraphs 1 through 19 as though fully set forth herein.

30. Defendant intended and foresaw that Plaintiff would be prosecuted for a criminal charge, causing Plaintiff to be arrested, incarcerated, and prosecuted and suffer damages.

31. That the criminal proceeding based upon the arrest was terminated in the PLAINTIFF'S favor, where the State Attorney's Office for the 9th Judicial Circuit filed a "Nolle Prosequi" on January 31, 2020.

32. That there was an absence of probable cause for the initiation of criminal charges against the Plaintiff for the offenses of Possession of Firearm by a Convicted Felon in violation of Florida Statute § 790.23-9; Possession of Ammunition by a Convicted Felon in Violation of Florida Statute § 790.23-11; and Possession of a Weapon by a Convicted Felon in Violation of Florida Statute § 790.23-4 and there was no warrant to arrest the PLAINTIFF.

33. The conduct of the Defendant violated the Plaintiff's Fourth Amendment to the United States Constitution.

34. The above described actions of the Defendant were the direct and proximate cause of the Constitutional violations set forth above.

35. As a direct and proximate result of the violation of Plaintiff's constitutional right to be free from malicious prosecution by the Defendant, Plaintiff suffered serious personal injuries and damages as

alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983. These damages include but are not limited to: the violation of Plaintiff's Federal Constitutional rights, a deprivation of liberty, physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, and all other damages associated with PLAINTIFF being prosecuted.

36. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, PLAINTIFF demands judgment for damages against Defendant for exemplary damages, cost of this action and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish Defendant for his conduct, which would deter Defendant and others from such conduct in the future.

## STATE CLAIMS

### COUNT III
### FALSE IMPRISONMENT

37. COMES NOW, PLAINTIFF, by and through his undersigned counsel, and sues Defendant, OFFICER JOHN STOLLMEYER, in his individual capacity and in support thereof, states as follows:

38. PLAINTIFF re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 19 of this Complaint.

39. That on August 9, 2019 the PLAINTIFF was falsely imprisoned by the Defendant for no apparent reason, other than for arriving at his home after being order to come home by the Defendant for a search warrant that was executed on his home for an investigation that was unrelated to the Plaintiff.

40. On the same date, the PLAINTIFF was falsely imprisoned by the Defendant when the Defendant falsely arrested the Plaintiff without probable cause for the offenses of Possession of Firearm by a Convicted Felon in violation of Florida Statute § 790.23-9; Possession of Ammunition by a Convicted Felon in Violation of Florida Statute § 790.23-11; and Possession of a Weapon by a Convicted Felon in Violation of Florida Statute § 790.23-4.

41. That the criminal proceeding based upon the arrest was terminated in the PLAINTIFF'S favor, where the State Attorney's Office for the 9th Judicial Circuit filed a No information on January 31, 2020.

42. That there was an absence of probable cause for the initiation of criminal charges against the PLAINTIFF for the offenses of Possession of Firearm by a Convicted Felon in violation of Florida Statute §

790.23-9; Possession of Ammunition by a Convicted Felon in Violation of Florida Statute § 790.23-11; and Possession of a Weapon by a Convicted Felon in Violation of Florida Statute § 790.23-4 and there was no warrant to arrest the PLAINTIFF.

43. PLAINTIFF aver that the Defendant breached a duty of care owed to PLAINTIFF, so as not to deprive him of his personal liberty, by intentionally restraining or detaining PLAINTIFF'S without probable cause in violation of Fla. Stat. §§ 901.15 and 901.151.

44. PLAINTIFF avers that the Defendant, without probable cause, wrongfully and unlawfully detained and restrained the PLAINTIFF against his will.

45. PLAINTIFF avers that the Defendant is liable to him for false imprisonment.

46. As a direct and proximate result of the false imprisonment by the Defendant, PLAINTIFF suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment opportunity, expenses incurred as a result of unlawful detainment.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff TOMMY LEGRIER hereby demands a trial by jury for all issues triable.

Dated this 9th day of August 2023.

**Haynes Law, P.A.**

__/s/ *Carlus Haynes*_____
**CARLUS HAYNES, ESQUIRE**
Florida Bar Number: 0935611
champ@fighting4ulaw.com
8615 Commodity Circle, Unit 6
Orlando, FL 32819
Tel: 407-246-0077/Fax: 407-246-0078
Attorney for Plaintiff